IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMMED AHMED TAHER, *et al.*, ) | |
| ) | |
| Petitioners, ) | |
| ) | |
| v. ) | Civil Action No. 06-CV-1684 (GK) |
| ) | |
| GEORGE W. BUSH, ) | |
| President of the United States, ) | |
| *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RESPONDENTS' RESPONSE TO PETITIONERS'
NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF
CROSS-MOTION FOR HABEAS HEARING AND RELATED RELIEF**

Petitioners recently filed a "Notice of Supplemental Authority" (dkt. no. 13) arguing that a recent ruling by Judge Sullivan in *Razakah v. Bush*, No. 05-CV-2370 (dkt. no. 52), supports imposition of the protective order and a requirement that respondents produce a factual return, as requested in petitioners' cross-motion for habeas hearing and related relief.  The Court should not follow *Razakah*, however.

Aside from the fact that the *Razakah* decision is not binding on this Court,[1] respondents respectfully submit that it was wrongly decided.  It fails to take into account both the fact that Congress has directed petitioner to a different court – the Court of Appeals for this Circuit – for the relief that he seeks here, *see*

---

[1] *See Am. Council of the Blind v. Wash. Metro. Area Transit Auth.*, 133 F. Supp. 2d 66, 74 n.2 (D.D.C. 2001) ("[O]ne district court decision is not binding on another district court [in the same district]."); *cf. In re Executive Office of the President*, 215 F.3d 20, 24 (D.C. Cir. 2000) ("District Court decisions do not establish the law of the circuit, nor, indeed, do they even establish 'the law of the district.'") (citations omitted).

and the fact that the precedent on which *Razakah* is based is itself no longer authoritative in light of more recent legal developments.

The *Razakah* decision is based on a decision and rationale advanced prior to the unambiguous withdrawal of this Court's jurisdiction by the Military Commissions Act of 2006 ("MCA"). The decision relied explicitly upon Judge Bates' decision in *Al-Ghizzawi v. Bush*, No. 05-CV-2378 (Aug. 9, 2006) (Mem. Op. and Order) and Judge Huvelle's decision a day later in *Kahn v. Bush*, No. 05-CV-1001 (Aug. 10, 2006) (Mem. Op. and Order), while Judge Huvelle in *Kahn* relied explicitly upon the *Al-Ghizzawi* decision – both the *Razakah* and *Kahn* decisions granted relief "[f]or the reasons stated by the Court in *Al-Ghizzawi*." In *Al-Ghizzawi* the Court granted a motion seeking a factual return after concluding that although the issue of the Court's jurisdiction at the time remained unresolved, the petitioner's counsel would eventually have access to factual returns either in this Court or in the Court of Appeals in any proceeding brought in that court under the DTA, and that factual findings might be necessary to determine whether petitioner's challenge fell within the scope of the Court of Appeals' exclusive jurisdiction under the DTA. *See Al-Ghizzawi* Mem. Op. and Order at 3-4. The *Al-Ghizzawi* Court, however, issued that opinion prior to the enactment of the MCA on October 17, 2006. After the enactment of the MCA, this Court's jurisdiction is no longer merely in doubt; rather, the MCA has explicitly and unambiguously withdrawn the district court's jurisdiction over pending habeas cases and vested exclusive jurisdiction in the Court of Appeals. *See* Resps' Response to Order to Show Cause at 4-7 (dkt. nos. 4, 5).

Nor is there any doubt in this case that this case falls within the scope of the MCA's provisions divesting the District Court of jurisdiction. *Id.* at 2, 4-7. Judge Robertson recently so

held in a comparable case, as he explained in a thorough and well-reasoned decision. *Hamdan v. Rumsfeld*, 2006 WL 3625015 at *9 (D.D.C. 2006). And, as recently as January 31, 2007, two other judges of this Court have denied motions filed after enactment of the MCA requesting factual returns in Guantanamo detainee cases. *See Alhag v. Bush*, No. 05-CV-2199 (dkt. no. 42) (Kennedy, J.) (attached as Exhibit 1); *Al-Harbi v. Bush*, No. 05-CV-2479 (dkt. no. 54) (Kennedy, J.) (attached as Exhibit 2); *Gherebi v. Bush*, No. 04-CV-1164, *et al.* (Walton, J.) (denying all motions in pending cases, including numerous motions for factual returns filed in *Mohammon v. Bush*, No. 05-CV-2386 (RBW)) (attached as Exhibit 3).

     As the Supreme Court has stated, "'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)). The *Razakah* decision, effectively requiring respondents to disclose to petitioner's counsel there, *inter alia*, the classified information typically a part of factual returns in these cases, is inconsistent with the Supreme Court's teaching in *Steel Co.* and improper in the face of the unambiguous language of the MCA, and it should not be followed.

Dated: January 31, 2006                     Respectfully submitted,

                                                 PETER D. KEISLER
                                                 Assistant Attorney General

                                                 DOUGLAS N. LETTER
                                                 Terrorism Litigation Counsel

/s/ *Terry M. Henry*
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR (D.C. Bar No. 347518)
TERRY M. HENRY
JAMES J. SCHWARTZ
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
NICHOLAS A. OLDHAM
JAMES C. LUH
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4107

Attorneys for Respondents

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABD AL HAKIM GHALIB AHMAD ALHAG,<br><br>Petitioner,<br><br>v.<br><br>GEORGE W. BUSH, et al.,<br><br>Respondents. | Civil Action 05-02199 (HHK) |

## ORDER

Before the court is the petitioners' motion to order respondents to produce unredacted factual returns [#32], filed November 8, 2006. Based upon the motion, the opposition thereto, and the record in this case, it is this 31st day of January 2007, hereby

**ORDERED** that petitioners' motion for production of unredacted factual returns [#32] is **DENIED**.

Henry H. Kennedy, Jr.<br>
United States District Judge

**EXHIBIT 2**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GHANIM-ABDULRAHMAN AL-HARBI, et al., <br><br> Petitioners, <br><br> v. <br><br> GEORGE W. BUSH, <br><br> Respondents. | Civil Action 05-02479 (HHK) |

ORDER

Before the court is the petitioners' "Motion for Order Requiring Respondents to Provide Counsel for Petitioners with Factual Returns" [#47], filed December 19, 2006. Based upon the motion, the opposition thereto, and the record in this case, it is this 31st day of January 2007, hereby

**ORDERED** that petitioners' "Motion for Order Requiring Respondents to Provide Counsel for Petitioners with Factual Returns" [#47] is **DENIED**.

Henry H. Kennedy, Jr.<br>
United States District Judge

**EXHIBIT  3**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SALIM GHEREBI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No: 04-1164 (RBW) |
| | ) | |
| GEORGE WALKER BUSH, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| ISA ALI ABDULLA ALMURBATI, et al., | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | Civil Action No. 04-1227 (RBW) |
| v. | ) | |
| | ) | |
| GEORGE WALKER BUSH, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| ELHAM BATTAYAV | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No: 05-714 (RBW) |
| | ) | |
| GEORGE WALKER BUSH, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| KARIN BOSTAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 05-883 (RBW) |
| GEORGE WALKER BUSH, et al., | ) | |
| | ) | |

|  |  |  |
|---|---|---|
| Respondents. | ) | |
| NASRULLAH, | ) ) | |
|    Petitioner, | ) ) | |
|    v. | ) ) | Civil Action No. 05-891 (RBW) |
| GEORGE WALKER BUSH, et al., | ) ) | |
|    Respondents. | ) ) | |
| ASIM BEN THABIT AL-KHALAQI, | ) ) | |
|    Petitioner, | ) ) | |
|    v. | ) ) | Civil Action No. 05-999 (RBW) |
| GEORGE WALKER BUSH, et al., | ) ) | |
|    Respondents. | ) ) | |
| MOHAMMED AMON, | ) ) | |
|    Petitioner, | ) ) | |
|    v. | ) ) | Civil Action No. 05-1493 (RBW) |
| GEORGE WALKER BUSH, et al., | ) ) | |
|    Respondents. | ) ) | |

| | | |
|---|---|---|
| AMEEN MOHAMMAD ALBKRI, et al., | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 05-1639 (RBW) |
| GEORGE WALKER BUSH, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |
| ABDALHADI M. AL-SOPAI, et al., | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1667 (RBW) |
| | ) | |
| GEORGE WALKER BUSH, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |
| KADEER KHANDAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1697 (RBW) |
| | ) | |
| GEORGE WALKER BUSH, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |
| ISSAM HAMID ALI BIN ALI AL JAYFI, et al., | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | Civil Action No: 05-2104 (RBW) |
| | ) | |
| GEORGE WALKER BUSH, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

| | | |
|---|---|---|
| JABBAROW OYBEK JAMOLIVICH, | ) | |
| | ) | |
|    Petitioner, | ) | |
| | ) | |
|    v. | ) | Civil Action No: 05-2112 (RBW) |
| | ) | |
| GEORGE WALKER BUSH, et al., | ) | |
| | ) | |
|    Respondents. | ) | |
| _____ | ) | |
| AMER MOHAMMON, et al., | ) | |
| | ) | |
|    Petitioners, | ) | |
| | ) | |
|    v. | ) | Civil Action No: 05-2386 (RBW) |
| | ) | |
| GEORGE WALKER BUSH, et al., | ) | |
| | ) | |
|    Respondents. | ) | |
| _____ | ) | |
| WASIM, et al., | ) | |
| | ) | |
|    Petitioners, | ) | |
| | ) | |
|    v. | ) | Civil Action No: 06-1675 (RBW) |
| | ) | |
| GEORGE WALKER BUSH, et al., | ) | |
| | ) | |
|    Respondents. | ) | |
| _____ | ) | |
| MAJID KHAN, et al., | ) | |
| | ) | |
|    Petitioners, | ) | |
| | ) | |
|    v. | ) | Civil Action No: 06-1690 (RBW) |
| | ) | |
| GEORGE WALKER BUSH, et al., | ) | |
| | ) | |
|    Respondents. | ) | |
| _____ | ) | |
| HAJI WAZIR, et al., | ) | |
| | ) | |

|  |  |  |
|---|---|---|
| Petitioners, | ) | |
| | ) | |
| v. | ) | Civil Action No: 06-1697 (RBW) |
| | ) | |
| DONALD RUMSFELD, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

**ORDER**

On October 17, 2006, Congress enacted the Military Commissions Act of 2006 ("MCA"), Pub. L. No. 109-366, § 7, 120 Stat. 2600, 2636-37 (2006), which, inter alia, amends 28 U.S.C. § 2241 (2000) in a manner that raises serious questions concerning whether this Court retains jurisdiction to hear the above-captioned cases. See 28 U.S.C. § 2241(e). These questions are currently pending resolution in the United States Court of Appeals for the District of Columbia Circuit. Until the District of Columbia Circuit resolves the jurisdictional questions raised by the MCA, it is this Court's view that it lacks the authority to take any action in these cases. Accordingly, it is hereby

**ORDERED** that all pending motions in the above-captioned cases are hereby DENIED WITHOUT PREJUDICE until such time as the District of Columbia Circuit resolves the question of this Court's jurisdiction to adjudicate these cases.[1] It is further

**ORDERED** that the above-captioned cases are ADMINISTRATIVELY CLOSED. In the event that the District of Columbia Circuit concludes that this Court retains some degree of jurisdiction over any or all of the above-captioned cases, the matters will be automatically re-opened as appropriate.

---

[1] If the District of Columbia Circuit concludes that this Court retains jurisdiction over these cases, either party may move to reinstate the pending motions.

**SO ORDERED** this 31st day of January, 2007.

REGGIE B. WALTON
United States District Judge