IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MOHAMMED AHMED TAHER, *et al.*, ) <br> ) <br> Petitioners, ) <br> ) <br> v. ) <br> ) <br> GEORGE W. BUSH, ) <br> President of the United States, ) <br> *et al.*, ) <br> ) <br> Respondents. ) <br> ) | Civil Action No. 06-CV-1684 (GK) |

**ERRATA CONCERNING DOCKET NO. 15 - RESPONDENTS' RESPONSE TO
PETITIONERS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF
CROSS-MOTION FOR HABEAS HEARING AND RELATED RELIEF**

On January 31, 2007, respondents filed their Response to Petitioners' Notice of Supplemental Authority in Support of Cross-motion for Habeas Hearing and Related Relief (*see* dkt. no. 15). The last sentence on page 1 of that filing reads, "It [the *Razakah* decision] fails to take into account both the fact that Congress has directed petitioner to a different court – the Court of Appeals for this Circuit – for the relief that he seeks here, *see*            and the fact that the precedent on which *Razakah* is based is itself no longer authoritative in light of more recent legal developments." As is apparent, the citation following the "*see*" signal was inadvertently omitted from the text. The sentence should read, "It fails to take into account both the fact that Congress has directed petitioner to a different court – the Court of Appeals for this Circuit – for the relief that he seeks here, *see* Detainee Treatment Act of 2005 ("DTA"), Pub. L. No. 109-148, tit. X, 119 Stat. 2680 (10 U.S.C. § 801 note) § 1005(e)(2) (Court of Appeals "shall have exclusive jurisdiction to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant"), and the fact that the

precedent on which *Razakah* is based is itself no longer authoritative in light of more recent legal developments."

Further, the filing was erroneously dated "January 31, 2006," instead of "January 31, 2007."

Undersigned counsel apologizes for this inadvertent omission and error. A corrected copy of the prior filed Response to Petitioners' Notice of Supplemental Authority is attached for the convenience of the Court and counsel.

Dated: February 1, 2007                   Respectfully submitted,

                                                          PETER D. KEISLER
                                                          Assistant Attorney General

                                                          DOUGLAS N. LETTER
                                                          Terrorism Litigation Counsel

                                                               /s/ *Terry M. Henry*
                                                          JOSEPH H. HUNT (D.C. Bar No. 431134)
                                                          VINCENT M. GARVEY (D.C. Bar No. 127191)
                                                          JUDRY L. SUBAR (D.C. Bar No. 347518)
                                                          TERRY M. HENRY
                                                          JAMES J. SCHWARTZ
                                                          ROBERT J. KATERBERG
                                                          NICHOLAS J. PATTERSON
                                                          ANDREW I. WARDEN
                                                          EDWARD H. WHITE
                                                          NICHOLAS A. OLDHAM
                                                          JAMES C. LUH
                                                          Attorneys
                                                          United States Department of Justice
                                                          Civil Division, Federal Programs Branch
                                                          20 Massachusetts Ave., N.W.
                                                          Washington, DC  20530
                                                          Tel:  (202) 514-4107

                                                          Attorneys for Respondents

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMMED AHMED TAHER, *et al.*,  )<br>)<br>Petitioners,  )<br>)<br>v.  )<br>)<br>GEORGE W. BUSH,  )<br>President of the United States,  )<br>*et al.*,  )<br>)<br>Respondents.  )<br>) | Civil Action No. 06-CV-1684 (GK) |

**RESPONDENTS' RESPONSE TO PETITIONERS'
NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF
CROSS-MOTION FOR HABEAS HEARING AND RELATED RELIEF**

Petitioners recently filed a "Notice of Supplemental Authority" (dkt. no. 13) arguing that a recent ruling by Judge Sullivan in *Razakah v. Bush*, No. 05-CV-2370 (dkt. no. 52), supports imposition of the protective order and a requirement that respondents produce a factual return, as requested in petitioners' cross-motion for habeas hearing and related relief. The Court should not follow *Razakah*, however.

Aside from the fact that the *Razakah* decision is not binding on this Court,[1] respondents respectfully submit that it was wrongly decided. It fails to take into account both the fact that Congress has directed petitioner to a different court – the Court of Appeals for this Circuit – for the relief that he seeks here, *see* Detainee Treatment Act of 2005 ("DTA"), Pub. L. No. 109-148,

---

[1] *See Am. Council of the Blind v. Wash. Metro. Area Transit Auth.*, 133 F. Supp. 2d 66, 74 n.2 (D.D.C. 2001) ("[O]ne district court decision is not binding on another district court [in the same district]."); *cf. In re Executive Office of the President*, 215 F.3d 20, 24 (D.C. Cir. 2000) ("District Court decisions do not establish the law of the circuit, nor, indeed, do they even establish 'the law of the district.'") (citations omitted).

tit. X, 119 Stat. 2680 (10 U.S.C. § 801 note) § 1005(e)(2) (Court of Appeals "shall have exclusive jurisdiction to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant"), and the fact that the precedent on which *Razakah* is based is itself no longer authoritative in light of more recent legal developments.

The *Razakah* decision is based on a decision and rationale advanced prior to the unambiguous withdrawal of this Court's jurisdiction by the Military Commissions Act of 2006 ("MCA"). The decision relied explicitly upon Judge Bates' decision in *Al-Ghizzawi v. Bush*, No. 05-CV-2378 (Aug. 9, 2006) (Mem. Op. and Order) and Judge Huvelle's decision a day later in *Kahn v. Bush*, No. 05-CV-1001 (Aug. 10, 2006) (Mem. Op. and Order), while Judge Huvelle in *Kahn* relied explicitly upon the *Al-Ghizzawi* decision – both the *Razakah* and *Kahn* decisions granted relief "[f]or the reasons stated by the Court in *Al-Ghizzawi*." In *Al-Ghizzawi* the Court granted a motion seeking a factual return after concluding that although the issue of the Court's jurisdiction at the time remained unresolved, the petitioner's counsel would eventually have access to factual returns either in this Court or in the Court of Appeals in any proceeding brought in that court under the DTA, and that factual findings might be necessary to determine whether petitioner's challenge fell within the scope of the Court of Appeals' exclusive jurisdiction under the DTA. *See Al-Ghizzawi* Mem. Op. and Order at 3-4. The *Al-Ghizzawi* Court, however, issued that opinion prior to the enactment of the MCA on October 17, 2006. After the enactment of the MCA, this Court's jurisdiction is no longer merely in doubt; rather, the MCA has explicitly and unambiguously withdrawn the district court's jurisdiction over pending habeas cases and vested

exclusive jurisdiction in the Court of Appeals. *See* Resps' Response to Order to Show Cause at 4-7 (dkt. nos. 4, 5).

Nor is there any doubt in this case that this case falls within the scope of the MCA's provisions divesting the District Court of jurisdiction. *Id.* at 2, 4-7. Judge Robertson recently so held in a comparable case, as he explained in a thorough and well-reasoned decision. *Hamdan v. Rumsfeld*, 2006 WL 3625015 at *9 (D.D.C. 2006). And, as recently as January 31, 2007, two other judges of this Court have denied motions filed after enactment of the MCA requesting factual returns in Guantanamo detainee cases. *See Alhag v. Bush*, No. 05-CV-2199 (dkt. no. 42) (Kennedy, J.) (attached as Exhibit 1); *Al-Harbi v. Bush*, No. 05-CV-2479 (dkt. no. 54) (Kennedy, J.) (attached as Exhibit 2); *Gherebi v. Bush*, No. 04-CV-1164, *et al.* (Walton, J.) (denying all motions in pending cases, including numerous motions for factual returns filed in *Mohammon v. Bush*, No. 05-CV-2386 (RBW)) (attached as Exhibit 3).

As the Supreme Court has stated, "'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)). The *Razakah* decision, effectively requiring respondents to disclose to petitioner's counsel there, *inter alia*, the classified information typically a part of factual returns in these cases, is inconsistent with the Supreme Court's teaching in *Steel Co.* and improper in the face of the unambiguous language of the MCA, and it should not be followed.

Dated: January 31, 2007                    Respectfully submitted,

                                                       PETER D. KEISLER
                                                       Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

　　 /s/ *Terry M. Henry*
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR (D.C. Bar No. 347518)
TERRY M. HENRY
JAMES J. SCHWARTZ
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
NICHOLAS A. OLDHAM
JAMES C. LUH
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4107

Attorneys for Respondents